For respondent: Frank H. Wildes.

---

90

Eli Frank et al., Receivers
vs. } No. 40311
Broadway Tire Exchange
Company

DECISION
February 7, 1918

BROWN, J. The plaintiffs as receivers under a decree of the District Court of the United States for the District of Maryland, of the Dreadnought Tire & Rubber Company, a foreign corporation, bring this action to recover the amount due on contract entered into between said corporation and defendant. The defendant sets up in a special plea that the plaintiffs are suing on a contract made within this state and that no appointment of a person on whom service of process against said corporation may be made in this state had been made at the time of the commencement of this action, in accordance with the provisions of Chap. 300, General Laws, 1909, and prays that the writ be quashed.

The plaintiffs, in their replication to defendant's said plea, and in an additional replication, show that the action is brought by the receivers of the corporation and not by the corporation; that they were appointed by the District Court of the United States for the District of Maryland and that they are authorized by said Court to bring this action against the defendant, and insist that they are not required under the statute to file power of attorney that Chap. 300 applies only to the corporation and not to the receivers.

To the replication the defendant demurs,

First: because the plaintiffs are not excused from filing power of attorney;

91

Second: because plaintiffs as receivers of said corporation cannot maintain an action at law for the recovery of any debts due the corporation.

Considering the second ground of demurrer first, it is undoubtedly a general rule that the authority of a receiver to sue is limited to the jurisdiction of his appointment. His right to sue in a foreign jurisdiction rests upon comity. Upon this ground suit by a foreign receiver can be maintained in the courts of this state.

"Whether a receiver appointed outside of this state may sue in the courts of this state is purely a matter of comity."

Hazlett vs. Woodhead, 28 R. I. 452.

There is a conflict of authority in the different jurisdictions upon the question whether a receiver may institute and conduct actions in his own name, in matters concerning his receivership, or whether he must sue in the name of the original party in whose favor the cause of action accrued.

The practice has been established in this state for receivers, in such matters, to sue in their own names.

Evans vs. Pease, 21 R. I. 187.

As to the first ground demurrer, Chap. 300 of the General Laws, 1909, provides, Sec. 42: No corporation unless incorporated by the General Assembly of this state, or under general law of this state * * * shall carry on within this state the business for which it was incorporated, or enforce in the courts of this state any contract made within this state, unless it shall have complied with the following sections of this chapter.

Sec. 43. Every such foreign corporation shall appoint by written power some competent person resident in this state as its attorney, with authority to accept service of all process against such corporation in this state, and upon whom all process, including the process of garnishment, against such corporation in this state may be served, and who, in case of garnishment, when the fees therefor shall have beeen paid or tendered, shall make the affidavit required by law in such cases, and who shall cause an appearance to be entered in like manner as if such corporation had existed and been duly served with process within this state.

This action is brought on a contract made within this state; the statute has not been complied with.

It is clear that this action could not be maintained if the original corporation of which the plaintiffs are receivers was suing as plaintiff.

Will the principle of comity upon which alone the plaintiffs as receivers, appointed in a foreign jurisdiction of a foreign corporation, are permitted to sue in the courts of this state, be so extended as to give them any better or greater rights than the original party would have if it were suing upon the same claims?

In speaking of the relation of a receiver to the rights of the debtor, the Supreme Court in Ryder vs. Ryder, 19 R. I. 188, says: "In the absence of fraud or statutory regulations, a receiver, like a voluntary assignee for the benefit of creditors, or assignee in insolvency or bankruptcy, succeeds only to the debtor's rights and takes the property subject to the claims, liens and equities which would affect the debtor if he himself were asserting his interest in the property."

In High on Receivers, we find the law stated as follows: Ss 201: "In general a Receiver by virtue of his appointment is clothed with only such rights of action as might have been maintained by the person over whose estate he has been appointed, and to whose rights for purposes of litigation he has succeeded."

Ss 245: "* * * it follows as a general rule that in ordinary actions brought by a receiver in his official capacity, to recover upon an application or demand due to the person or estate which has passed under the receivers' control, the defendant may avail himself of any matter of defence which he might have urged had the action been brought by the original party instead of by his receiver."

The same principle is expressed in Beach on Receivers, as follows, page 751, Sec. 704: "A defendant in a suit brought by a receiver may avail himself of any defence which he has to the claim as against the original party, and may plead it with like effect. This rule follows naturally

from the proposition already stated that the appointment of a receiver does not affect the obligation of contracts or other rights of action existing between the party whose property is given over to a receiver, and others."

The second ground of demurrer is not tenable.

The demurrer is sustained on the first ground.

For plaintiff: E. C. Stiness and D. H. Morrissey.

For defendant: J. Jerome Hahn and Philip C. Joslin.